IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-01135-REB
(Consolidated with Civil Action No. 10-cv-00462-REB)

COLORADO RAIL PASSENGER ASSOCIATION,

    Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION,

    Defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**Blackburn, J.**

The matter before me is the motion for temporary restraining order asserted as part of the plaintiff's **Complaint for Injunctive Relief Under NEPA and CRCP 65, and Emergency Motion and Memorandum in Support for a Temporary Restraining Order** [#1][1] filed March 1, 2010. The complaint and motion was filed in Civil Action No. 10-cv-00462, which case now is consolidated with Civil Action No. 09-cv-01135. *Order* [#54], filed March 2, 2010, in Civil Action No. 09-cv-00462. I deny the motion for temporary restraining order on both procedural and substantive grounds.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II. STANDARD OF REVIEW

A temporary restraining order is extraordinary relief. A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order. FED. R. CIV. P. 65(b).

## III. ANALYSIS

On procedural grounds, the plaintiff's motion is improper. D.C.COLO.LCivR 65.1A., which addresses specifically the requirements for filing a motion for temporary restraining order, requires that an "application for temporary restraining order shall be made in a motion separate from the complaint." The plaintiff's present motion [#1] is combined into the same document as the plaintiff's complaint [#1]. On this basis, the motion is denied.

In addition, I deny the motion on substantive grounds. A party seeking a temporary restraining order must demonstrate a substantial likelihood that the movant eventually will prevail on the merits. In its consolidated complaint/motion [#1], the plaintiff asserts that a modified likelihood of success standard is applicable in this case. Under the modified standard, if the movant "has satisfied the first three requirements for a preliminary injunction, the movant may establish likelihood of success by showing

questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." **Walmer v. U.S. Dept. of Defense**, 52 F.3d 851, 854 (10th Cir. 1995).[2] The plaintiff does not establish in its complaint/motion [#1] that this case presents "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." In its complaint/motion [#1], the plaintiff addresses only obliquely the substance of its underlying claims and provides little or no basis on which I might conclude that this case presents the type of questions described in *Walmer*, assuming the *Walmer* standard still is viable. On this substantive basis, the motion is denied.

## IV. ORDER

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for temporary restraining order, as asserted in the planitiff's **Complaint for Injunctive Relief Under NEPA and CRCP 65, and Emergency Motion and Memorandum in Support for a Temporary Restraining Order** [#1] filed March 1, 2010, is **DENIED**.

Dated March 3, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] I note that at least one court in this district recently questioned the continued viability of this standard in light of the Supreme Court's decision in **Winter v. Natural Resource Defense Council, Inc.**, – U.S. –, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). **See Predator International, Inc. v. Gamo Outdoor USA, Inc.**, – F.Supp.2d –, 2009 WL 3526497 at *5 (D. Colo. Oct. 22, 2009).