**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-01135-REB-KMT
(consolidated with Civil Action No. 10-cv-00462-REB)

COLORADO RAIL PASSENGER ASSOCIATION,

     Plaintiff,

v.

FEDERAL TRANSIT ADMINISTRATION,
REGIONAL TRANSPORTATION DISTRICT, and
DENVER UNION STATION PROJECT AUTHORITY,

     Defendants.

---

### ORDER GRANTING MOTIONS TO DISMISS AMENDED COMPLAINT

---

**Blackburn, J.**

     The matters before me are (1) **Denver Union Station Project Authority's Motion To Dismiss** [#73][1] filed March 16, 2010; and (2) **Regional Transportation District's Motion To Dismiss Amended Complaint for Injunctive Relief Under NEPA** [#76] filed March 17, 2010.  I grant the motions and dismiss the complaint.

### I.  JURISDICTION

     I have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question).

### II.  STANDARD OF REVIEW

     In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  I review plaintiff's Third Amended Complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  ***Id.*** (emphases in original).[2]  Nevertheless, the standard

_____

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III.  ANALYSIS

The facts of this case are well known to the parties and need not be repeated at length.  Simply stated, plaintiff contends that defendants did not comply with the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370h ("NEPA"), in adopting and approving the Final Environmental Impact Statement ("FEIS") associated with the planned redevelopment of the Denver Union Station project in downtown Denver, Colorado.  After two prior attempts to secure a temporary restraining order were rebuffed (***see* Order Denying Motion for Temporary Restraining Order** [#60] entered March 3, 2010; **Minute Entry** [#46] entered February 26, 2010),[3] plaintiff filed a separate action against defendants Regional Transportation District ("RTD") and Denver Union Station Project Authority ("DUSPA").  That action subsequently was consolidated with this one (***see* Order of Consolidation** [#54] entered March 2, 2010), subsequently,

---

not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

[3]  I note that after the amended complaint was filed, plaintiff filed a third motion seeking a TRO. (***See* Emergency Motion and Memorandum in Support for a Temporary Restraining Order Against Defendants Denver Union Station Project Authority and Regional Transportation District** [#63], filed March 12, 2010.)  That motion was denied following a hearing.  (***See* Order Denying Emergency Motion for Temporary Restraining Order** [#80], filed March 18, 2010.)  In the nine months since, plaintiff has never moved for a hearing on its request to enjoin the project while the administrative appeal is under consideration.  Indeed, plaintiff did not even file responses to the instant motions attempting to justify its right to relief on this or any other basis.

plaintiff filed the amended complaint which forms the basis of the instant motion.

Plaintiff asserts a single cause of action against RTD and DUPSA for "injunctive relief," seeking what, in effect, would be a preliminary injunction to prevent continued work on the project prior to final determination of plaintiff's administrative appeal. Defendants have moved to dismiss.

I note preliminarily that the amended complaint fails to plead a viable cause of action. "Injunctive relief is a type of relief . . . , not a cause of action." *Gates v. Sprint Spectrum, L.P.*, 523 F.Supp.2d 1287, 1291 (D. Kan. 2007), *aff'd*, 349 Fed. Appx. 257 (10th Cir. Oct. 14, 2009); *Horne v. Time Warner Operations, Inc.*, 119 F.Supp.2d 624, 630 (S.D. Miss. 1999), *aff'd*, 228 F.3d 408 (5th Cir. July 18, 2000) (Table). A remedy presupposes a substantive cause of action. *See Kirby's Spectrum Collision, Inc. v. Government Employees Insurance Co.*, – F.Supp.2d –, 2010 WL 3927607 at *12 (S.D. Ala. Sept. 29, 2010); *Booth v. Quantum 3D, Inc.*, 2005 WL 1512138 at *4 (N.D. Cal. June 15, 2005). Accordingly, "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2862 (2006).

Considering the necessary substantive context that plaintiff itself fails to provide, it appears clear that plaintiff seeks to enjoin an alleged violation of NEPA. To the extent a claim exists,[4] it is barred by the applicable statute of limitations. Pursuant to the Safe,

---

[4] Although defendants point out that NEPA only imposes duties on federal agencies, that fact alone may not be sufficient to undermine a potential claim against them:

> Neither NEPA nor the Administrative Procedure Act ("APA") in itself
> provides a cause of action against state actors. *See* 5 U.S.C. § 701
> (agencies covered by the APA include authorities only of the United

Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users,          §

6002(i), Pub.L. No. 109-59, 119 Stat. 1144, 1865, provides that

> [n]otwithstanding any other provision of law, a claim arising
> under Federal law seeking judicial review of a permit,
> license, or approval issued by a Federal agency for a
> highway or public transportation capital project shall be
> barred unless it is filed within 180 days after publication of a
> notice in the Federal Register announcing that the permit,
> license, or approval is final pursuant to the law under which
> the agency action is taken, unless a shorter time is specified
> in the Federal law pursuant to which judicial review is
> allowed.

23 U.S.C. § 139(i)(1).  The statute has been applied to NEPA challenges implicating

transportation projects, *see South Carolina Wildlife Federation v. Limehouse*, 2009

WL 2244210 at *2-*3 (D.S.C. July 27, 2009); *Highland Village Parents Group v.*

*United States Federal Highway Administration*, 562 F.Supp.2d 857, 862-63 (E.D.

Tex. 2008), and plaintiff has presented no argument or authority to suggest that the

Denver Union Station project is not a "public transportation capital project " to which the

statute applies.  (*See* **Amended Complaint** ¶ 4 at 2 ("Denver Union Station ('DUS') and

---

States government); 42 U.S.C. § 4332 (applying the provisions of NEPA
to "all agencies of the Federal Government"); *Ely v. Velde*, 451 F.2d
1130, 1139 (4th Cir. 1971) (finding that NEPA, "by . . . [its] very language,
impose[s] no duties on the states").  However, we have previously
concluded that federal courts have "a form of pendent jurisdiction . . .
based upon necessity" over claims for injunctive relief brought against
state actors in order to preserve the integrity of federal remedies.
*Arlington Coalition [on Transportation v. Volpe]*, 458 F.2d [1323,]
1329 [(4th Cir.), *cert. denied*, 93 S.Ct. 312 (1972)].  Where "the
challenged activities" of state actors "would make a sham of the
reconsideration required by federal law," federal courts may entertain
suits against state actors "to preserve federal question jurisdiction in the
application of federal statutes."  *Id.*

*South Carolina Wildlife Federation v. Limehouse*, 549 F.3d 324, 330 (4th Cir. 2008).  *See also South Carolina Wildlife Federation v. South Carolina Department of Transportation*, 485 F.Supp.2d 661, 675 (D.S.C. 2007) (noting that under Fourth Circuit law, " NEPA applies to state agencies undertaking federally funded projects"), *aff'd in relevant part*, 549 F.3d 324 (4th Cir. 2008).

its surrounding environ is planned for re-development as a multimodal transportation center to serve as the future hub for several transportation modes in Denver's metropolitan area[.]")

The Record of Decision approving the FEIS for the Denver Union Station project was published on October 17, 2008.  Therefore, the statute of limitations expired on April 15, 2009, which is well before the complaint implicating RTD and DUPSA was filed.  Thus, to the extent the amended complaint states any claim against these defendants for violation of NEPA, it is barred by limitations.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Denver Union Station Project Authority's Motion To Dismiss** [#73] filed March 16, 2010, is **GRANTED**;

2.  That **Regional Transportation District's Motion To Dismiss Amended Complaint for Injunctive Relief Under NEPA** [#76] filed March 17, 2010, is **GRANTED**;

3.  That the claim for injunctive relief asserted against defendants, Regional Transportation District and Denver Union Station Project Authority, as asserted in the **Amended Complaint for Injunctive Relief Under NEPA and CRCP 65 Against Denver Union Station Project Authority and Regional Transportation District and Those Acting in Concert Therewith** [#62] filed March 12, 2010, is **DISMISSED WITH PREJUDICE**;

4.  That at the time judgment enters, judgment **SHALL ENTER** on behalf of

defendants, Regional Transportation District and Denver Union Station Project

Authority, against plaintiff, Colorado Rail Passenger Association, as to plaintiff's claim in

the amended complaint for injunctive relief; provided, that the judgment on this claim

**SHALL BE** with prejudice;

5.  That defendants, Regional Transportation District and Denver Union Station

Project Authority, are **DROPPED** as named parties to this action, and the case caption

**AMENDED** accordingly; and

6.  That following the entry of judgment as provided in this order, defendants,

Regional Transportation District and Denver Union Station Project Authority, **SHALL BE**

**AWARDED** their costs, to be taxed by the Clerk of Court pursuant to Fed.R.Civ.P.

54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 15, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge